UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AIMEE WAHLERS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-03064 |
| | ) | |
| v. | ) | |
| | ) | |
| NATHANIEL HENDREN *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COME NOW Defendants City of St. Louis (also pleaded as Nathaniel Hendren, Patrick Riordan, and Gary Foster in their official capacities) ("City") and Gary Foster ("Foster") (collectively "Defendants"), by and through their attorney Julian Bush, City Counselor for the City of St. Louis, pursuant to Federal Rule of Civil Procedure 12(b)(6), and for Defendants' Motion to Dismiss state as follows:

1. Plaintiff alleges Defendants Nathaniel Hendren ("Hendren") and Patrick Riordan ("Riordan"), all while violating numerous City of St. Louis Police Division policies, tampered with their police vehicle's GPS, ignored a call for service, left their assigned police district, and gathered with others at Hendren's personal residence where they consumed alcohol "and other unknown substances." (Doc. 3 at ¶¶ 51, 61, 65).

2. There, while intoxicated, Hendren recklessly and unlawfully took his personal revolver, loaded it, pointed it at off-duty Police Officer Katyln Nicole Alix's heart, pulled the trigger, and killed her. *Id*. at ¶ 91.

3. Now, Plaintiff seeks to hold City and Foster responsible for Hendren's reckless conduct.

1

4. Plaintiff's § 1983 claims against City (Counts VIII-XI) necessarily fail because Hendren did not act under color of state law in shooting Alix.

5. Plaintiff otherwise fails to plausibly state a § 1983 claim for municipal liability.

6. Plaintiff's official capacity § 1983 claims against Hendren and Riordan are redundant.

7. Plaintiff's state law claims against City (Counts I-VII) are barred by sovereign immunity.

8. Hendren and Riordan's alleged misconduct was not committed within the course and scope of their employment for City and Plaintiff's *respondeat superior* state law claims against City (Count I-VII) necessarily fail.

9. Plaintiff's negligence claim against Foster is barred by official immunity.

10. Plaintiff's negligence claim against Foster fails because Hendren shooting Alix was not the natural and probable consequence of Foster's alleged negligent failure to supervise.

11. A memorandum of law in support of this motion is filed herewith and incorporated herein by reference.

WHEREFORE, for all of the reasons set forth above, Defendants respectfully request that this honorable Court grant their Motion to Dismiss and enter an order dismissing Plaintiff's claims against City and Foster.

        Respectfully submitted,

        JULIAN BUSH
        CITY COUNSELOR

        /s/ Andrew D. Wheaton
        Andrew D. Wheaton   #65269 (MO)
        Associate City Counselor
        Abby Duncan #67766 (MO)
        Assistant City Counselor
        Attorneys for Defendants
        City Hall, Room 314,
        St. Louis, MO  63103
        314.622.4594
        FAX: 314.622.4956
        wheatona@stlouis-mo.gov

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on Wednesday, December 18, 2019 a true copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

        /s/ Andrew D. Wheaton