**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **AIMEE WAHLERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Cause No. 4:19-cv-03064** |
| | ) | |
| **v.** | ) | **Div.** |
| | ) | |
| **NATHANIEL HENDREN, et. Al.,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT PATRICK RIORDAN'S ANSWER AND AFFIRMATIVE**
**DEFENSES TO PLAINTIFF'S PETITION**

COMES NOW Defendant Patrick Riordan ("Defendant"), by and through the undersigned counsel, and for his Answer and Affirmative Defenses to Plaintiff's Petition ("Petition"), states as follows:

## INTRODUCTION

1.      No answer is required to Paragraph 1 of Plaintiff's Petition because it simply identifies the nature of Plaintiff's Petition. Nonetheless, Defendant denies that Plaintiff is entitled to a judgment and to damages.  To the extent a further answer is required, Defendant denies the allegations in this Paragraph.

## PARTIES

2.      Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Petition.

3.      Defendant is without knowledge as to whether Plaintiff Aimee L Wahlers is a resident and citizen of Missouri as alleged in Paragraph 3 of Plaintiff's Petition, and therefore denies the same.

4.      Defendant is without knowledge as to whether Plaintiff Aimee L Wahlers

is the surviving natural mother of Officer Katlyn Nicole Alix ("Officer Alix") as alleged in Paragraph 4 of Plaintiff's Petition, and therefore deny the same.  Defendant further states that the remaining allegations contained in Paragraph 4 of Plaintiff's Petition constitute a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant states that the statute is the best evidence of its provisions and denies the remaining allegations in Paragraph 4 of Plaintiff's Petition.

5.      Defendant states that the allegations contained in Paragraph 5 of Plaintiff's Petition constitute a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant states that it is without knowledge and information sufficient to form a belief as to the truth of the allegations contained within Paragraph 5 of Plaintiff's Petition, and therefore, denies same.

6.      Defendant is without sufficient knowledge as to the allegations in Paragraph 6 of Plaintiff's Petition regarding Defendant Officer Nathaniel Hendren ("Defendant Hendren"), and therefore denies the same.  Defendant further states that the remaining allegations contained in Paragraph 6 of Plaintiff's Petition constitute a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant states that Exhibit 1 to Plaintiff's Petition is the best evidence of its provisions and denies the remaining allegations in Paragraph 6 of Plaintiff's Petition.

7.      Defendant admits that he was a citizen and resident of the State of Missouri and a district police officer employed by the City of St. Louis.  Defendant admits that he was on duty as a district police officer for the City of St. Louis on the evening of January 23, 2019 and into the morning of January 24, 2019.  Defendant further states that the remaining allegations contained in Paragraph 7 of Plaintiff's Petition constitute a legal

conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant states that Exhibit 1 to Plaintiff's Petition is the best evidence of its provisions and denies the remaining allegations in Paragraph 7 of Plaintiff's Petition.

8.    Defendant is without sufficient knowledge as to the allegations in Paragraph 8 of Plaintiff's Petition regarding Defendant Sergeant Gary Foster ("Defendant Foster"), and therefore denies the same.  Defendant further states that the remaining allegations contained in Paragraph 8 of Plaintiff's Petition constitute a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant states that Exhibit 1 to Plaintiff's Petition is the best evidence of its provisions and denies the remaining allegations in Paragraph 8 of Plaintiff's Petition.

9.    Defendant is without sufficient knowledge as to the allegations in Paragraph 9 of Plaintiff's Petition regarding The City of St. Louis ("The CIty"), and therefore denies the same.  Defendant further states that the remaining allegations contained in Paragraph 9 of Plaintiff's Petition constitute a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant states that the Missouri Constitution is the best evidence of its provisions and denies the remaining allegations in Paragraph 9 of Plaintiff's Petition.

## **VENUE AND JURISDICTION**

10.    Defendant admits that venue is proper in this Court and denies the remaining allegations in Paragraph 10 of Plaintiff's Petition.

11.    Defendant admits that this Court has jurisdiction over this matter and Defendant.  Defendant further states that the remaining allegations contained in Paragraph 11 of Plaintiff's Petition constitute a legal conclusion to which no response is required.

## **FACTUAL ALLEGATIONS**

12.     Defendant is without sufficient knowledge as to the allegations in Paragraph 12 of Plaintiff's Petition, and therefore denies the same.

13.     Defendant is without sufficient knowledge as to the allegations in Paragraph 13 of Plaintiff's Petition, and therefore denies the same.

14.     Defendant is without sufficient knowledge as to the allegations in Paragraph 14 of Plaintiff's Petition, and therefore denies the same.

15.     Defendant is without sufficient knowledge as to the allegations in Paragraph 15 of Plaintiff's Petition, and therefore denies the same.

16.     Defendant is without sufficient knowledge as to the allegations in Paragraph 16 of Plaintiff's Petition, and therefore denies the same.

17.     Defendant is without sufficient knowledge as to the allegations in Paragraph 17 of Plaintiff's Petition, and therefore denies the same.

18.     Defendant admits that Officer Alix was one of his partners in the 2nd District but is without sufficient knowledge as to the remaining allegations in Paragraph 18 of Plaintiff's Petition, and therefore denies the same.

19.     Defendant is without sufficient knowledge as to the allegations in Paragraph 19 of Plaintiff's Petition, and therefore denies the same.

20.     Defendant is without sufficient knowledge as to the allegations in Paragraph 20 of Plaintiff's Petition, and therefore denies the same.

21.     Defendant is without sufficient knowledge as to the allegations in Paragraph 21 of Plaintiff's Petition, and therefore denies the same.

22.     Defendant is without sufficient knowledge as to the allegations in Paragraph

22 of Plaintiff's Petition, and therefore denies the same.

23.     Defendant is without sufficient knowledge as to the allegations in Paragraph 23 of Plaintiff's Petition, and therefore denies the same.

24.     Defendant is without sufficient knowledge as to the allegations in Paragraph 24 of Plaintiff's Petition, and therefore denies the same.

25.     Defendant is without sufficient knowledge as to the allegations in Paragraph 25 of Plaintiff's Petition, and therefore denies the same.

26.     Defendant is without sufficient knowledge as to the allegations in Paragraph 26 of Plaintiff's Petition, and therefore denies the same.

27.     Defendant states that the allegations contained in Paragraph 27 of Plaintiff's Petition constitute a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant is without sufficient knowledge as to the allegations in Paragraph 27 of Plaintiff's Petition, and therefore denies the same.

28.     Defendant states that the allegations contained in Paragraph 28 of Plaintiff's Petition constitute a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant is without sufficient knowledge as to the allegations in Paragraph 28 of Plaintiff's Petition, and therefore denies the same.

29.     Defendant is without sufficient knowledge as to the allegations in Paragraph 29 of Plaintiff's Petition, and therefore denies the same.

30.     Defendant admits that Officer Hendren was one of his partners in the 2nd District but is without sufficient knowledge as to the remaining allegations in Paragraph 30 of Plaintiff's Petition, and therefore denies the same.

31.     Defendant admits the allegations contained in Paragraph 31 of Plaintiff's

Petition.

32.     Defendant admits the allegations contained in Paragraph 32 of Plaintiff's Petition.

33.     Defendant admits that Officer Alix was married at the time of her death but is without sufficient knowledge as to the remaining allegations in Paragraph 33 of Plaintiff's Petition, and therefore denies the same.

34.     Defendant is without sufficient knowledge as to the allegations in Paragraph 34 of Plaintiff's Petition, and therefore denies the same.

35.     Defendant is without sufficient knowledge as to the allegations in Paragraph 35 of Plaintiff's Petition, and therefore denies the same.

## JANUARY 23, 2019

36.     Defendant is without sufficient knowledge as to the allegations in Paragraph 36 of Plaintiff's Petition, and therefore denies the same.

37.     Defendant is without sufficient knowledge as to the allegations in Paragraph 37 of Plaintiff's Petition, and therefore denies the same.

38.     Defendant admits the allegations contained in Paragraph 38 of Plaintiff's Petition.

39.     Defendant is without sufficient knowledge as to the allegations in Paragraph 39 of Plaintiff's Petition, and therefore denies the same.

40.     Defendant admits the allegations contained in Paragraph 40 of Plaintiff's Petition.

41.     Defendant admits the allegations contained in Paragraph 41 of Plaintiff's Petition.

42.      Defendant is without sufficient knowledge as to the allegations in Paragraph 42 of Plaintiff's Petition, and therefore denies the same.

43.      Defendant is without sufficient knowledge as to the allegations in Paragraph 43 of Plaintiff's Petition, and therefore denies the same.

44.      Defendant admits the allegations contained in Paragraph 44 of Plaintiff's Petition.

45.      Defendant admits the allegations contained in Paragraph 45 of Plaintiff's Petition.

46.      Defendant is without sufficient knowledge as to the allegations in Paragraph 46 of Plaintiff's Petition, and therefore denies the same.

47.      Defendant states that the allegations contained in Paragraph 47 of Plaintiff's Petition constitute a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant states that Exhibit 2 to Plaintiff's Petition is the best evidence of its provisions and denies the remaining allegations in Paragraph 47 of Plaintiff's Petition.

48.      Defendant states that the allegations contained in Paragraph 48 of Plaintiff's Petition constitute a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant states that Exhibit 2 to Plaintiff's Petition is the best evidence of its provisions and denies the remaining allegations in Paragraph 48 of Plaintiff's Petition.

49.      Defendant is without sufficient knowledge as to the allegations in Paragraph 49 of Plaintiff's Petition, and therefore denies the same.

50.      Defendant is without sufficient knowledge as to the allegations in Paragraph

50 of Plaintiff's Petition, and therefore denies the same.

51.     Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Petition.

52.     Defendant is without sufficient knowledge as to the allegations in Paragraph 52 of Plaintiff's Petition, and therefore denies the same.

53.     Defendant states that the allegations contained in Paragraph 53 of Plaintiff's Petition constitute a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 53 of Plaintiff's Petition.

54.     Defendant is without sufficient knowledge as to the allegations in Paragraph 54 of Plaintiff's Petition, and therefore denies the same.

55.     Defendant admits that Defendant and Officer Hendren received and responded to a call on Jamieson on the night of January 23, 2019.  Defendant is without sufficient knowledge as to the remaining allegations in Paragraph 55 of Plaintiff's Petition, and therefore denies the same.

56.     Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Petition.

57.     Defendant admits the allegations contained in Paragraph 57 of Plaintiff's Petition.

58.     Defendant admits the allegations contained in Paragraph 58 of Plaintiff's Petition.

59.     Defendant admits that Officer Alix arrived at 750 Dover Place but is without sufficient knowledge as to the remaining allegations contained in Paragraph 59 of

Plaintiff's Petition, and therefore denies the same.

60.     Defendant is without sufficient knowledge as to the allegations in Paragraph 60 of Plaintiff's Petition, and therefore denies the same.

61.     Defendant is without sufficient knowledge as to the allegations in Paragraph 61 of Plaintiff's Petition, and therefore denies the same.

62.     Defendant states that the allegations contained in Paragraph 62 of Plaintiff's Petition constitute a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 62 of Plaintiff's Petition.

## JANUARY 24, 2019

63.     Defendant is without sufficient knowledge as to the allegations in Paragraph 63 of Plaintiff's Petition, and therefore denies the same.

64.     Defendant states that the allegations contained in Paragraph 64 of Plaintiff's Petition constitute a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 64 of Plaintiff's Petition.

65.     Defendant states that the allegations contained in Paragraph 65 of Plaintiff's Petition constitute a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 65 of Plaintiff's Petition.

66.     Defendant is without sufficient knowledge as to the allegations in Paragraph 66 of Plaintiff's Petition, and therefore denies the same.

67.     Defendant is without sufficient knowledge as to the allegations in Paragraph

67 of Plaintiff's Petition, and therefore denies the same.

68.     Defendant admits the allegations contained in Paragraph 68 of Plaintiff's Petition.

69.     Defendant is without sufficient knowledge as to the allegations in Paragraph 69 of Plaintiff's Petition, and therefore denies the same.

70.     Defendant admits that Officer Hendren dry fired his personal revolver, but Defendant is without sufficient knowledge as to the remaining allegations in Paragraph 70 of Plaintiff's Petition, and therefore denies the same.

71.     Defendant admits the allegations contained in Paragraph 71 of Plaintiff's Petition.

72.     Defendant is without sufficient knowledge as to the allegations in Paragraph 72 of Plaintiff's Petition, and therefore denies the same.

73.     Defendant is without sufficient knowledge as to the allegations in Paragraph 73 of Plaintiff's Petition, and therefore denies the same.

74.     Defendant denies the allegations contained in Paragraph 74 of Plaintiff's Petition.

75.     Defendant denies the allegations contained in Paragraph 75 of Plaintiff's Petition.

76.     Defendant denies the allegations contained in Paragraph 76 of Plaintiff's Petition.

77.     Defendant admits the allegations contained in Paragraph 77 of Plaintiff's Petition.

78.     Defendant denies the allegations contained in Paragraph 78 of Plaintiff's

Petition.

79.     Defendant admits the allegations contained in Paragraph 79 of Plaintiff's

Petition.

80.     Defendant admits the allegations contained in Paragraph 80 of Plaintiff's

Petition.

81.     Defendant is without sufficient knowledge as to the allegations in Paragraph

81 of Plaintiff's Petition, and therefore denies the same.

82.     Defendant is without sufficient knowledge as to the allegations in Paragraph

82 of Plaintiff's Petition, and therefore denies the same.

83.     Defendant is without sufficient knowledge as to the allegations in Paragraph

83 of Plaintiff's Petition, and therefore denies the same.

84.     Defendant is without sufficient knowledge as to the allegations in Paragraph

84 of Plaintiff's Petition, and therefore denies the same.

85.     Defendant is without sufficient knowledge as to the allegations in Paragraph

85 of Plaintiff's Petition, and therefore denies the same.

86.     Defendant is without sufficient knowledge as to the allegations in Paragraph

86 of Plaintiff's Petition, and therefore denies the same.

87.     Defendant is without sufficient knowledge as to the allegations in Paragraph

87 of Plaintiff's Petition, and therefore denies the same.

88.     Defendant is without sufficient knowledge as to the allegations in Paragraph

88 of Plaintiff's Petition, and therefore denies the same.

89.     Defendant is without sufficient knowledge as to the allegations in Paragraph

89 of Plaintiff's Petition, and therefore denies the same.

## COUNT I
## ASSAULT & BATTERY
## DEFENDANT NATHANIEL HENDREN

Defendant states that the allegations contained in paragraphs 90 – 97 of Count I are not directed against him and accordingly Defendant makes no answer thereto. To the extent that any of the allegations contained in Count I could be construed as relating to this Defendant, Defendant incorporates and restates as if more fully set forth herein his Answers to Plaintiff's Factual Allegations and any counts directed against it.

## COUNT II
## WRONGFUL DEATH – NEGLIGENCE
## DEFENDANT NATHANIEL HENDREN

Defendant states that the allegations contained in paragraphs 98 – 106 of Count II are not directed against him and accordingly Defendant makes no answer thereto. To the extent that any of the allegations contained in Count II could be construed as relating to this Defendant, Defendant incorporates and restates as if more fully set forth herein his Answers to Plaintiff's Factual Allegations and any counts directed against it.

## COUNT III
## WRONGFUL DEATH - NEGLIGENCE
## DEFENDANT PATRICK RIORDAN

107.    Defendant re-states and re-alleges his responses to Paragraphs 1 through 106 of Plaintiff's Petition as if fully set forth herein.

108.    Defendant states that Paragraph 108 of Plaintiff's Petition contains only legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 108 of Plaintiff's Petition, and all subparts thereto.

109.    Defendant states that Paragraph 109 of Plaintiff's Petition contains only legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 109 of Plaintiff's Petition, and all subparts thereto.

110.    Defendant denies the allegations contained in Paragraph 110 of Plaintiff's Petition.

111.    Defendant admits that Officer Alix died on January 24, 2019, but Defendant denies the remaining allegations contained in Paragraph 111 of Plaintiff's Petition.

112.    Defendant denies the allegations contained in Paragraph 112 of Plaintiff's Petition.

113.    Defendant denies the allegations contained in Paragraph 113 of Plaintiff's Petition.

114.    Defendant states that Paragraph 114 of Plaintiff's Petition contains only legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 114 of Plaintiff's Petition.

115.    Defendant denies the allegations contained in Paragraph 115 of Plaintiff's Petition.

WHEREFORE having fully answered the allegations contained within Count III of Plaintiff's Petition, Defendant respectfully requests that this Court dismiss Count III of Plaintiff's Petition and further award Defendant his costs incurred herein, and for such other and further relief as this Court deems just and proper.

**COUNT IV**
**WRONGFUL DEATH – NEGLIGENCE**
**DEFENDANT FOSTER**

Defendant states that the allegations contained in paragraphs 117 – 126 of Count IV are not directed against him and accordingly Defendant makes no answer thereto. To the extent that any of the allegations contained in Count IV could be construed as relating to this Defendant, Defendant incorporates and restates as if more fully set forth herein his Answers to Plaintiff's Factual Allegations and any counts directed against it.

## COUNT V
## WRONGFUL DEATH – NEGLIGENCE
## THE CITY OF ST. LOUIS

Defendant states that the allegations contained in paragraphs 127 – 136 of Count V are not directed against him and accordingly Defendant makes no answer thereto. To the extent that any of the allegations contained in Count V could be construed as relating to this Defendant, Defendant incorporates and restates as if more fully set forth herein his Answers to Plaintiff's Factual Allegations and any counts directed against it.

## COUNT VI
## OUTRAGE – ALL DEFENDANTS

137.    Defendant re-states and re-alleges his responses to Paragraphs 1 through 136 of Plaintiff's Petition as if fully set forth herein.

138.    Defendant states that Paragraph 138 of Plaintiff's Petition contains only legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 138 of Plaintiff's Petition.

139.    Defendant states that Paragraph 139 of Plaintiff's Petition contains only legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 139 of Plaintiff's Petition.

140. Defendant states that Paragraph 140 of Plaintiff's Petition contains only legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 140 of Plaintiff's Petition.

141. Defendant denies the allegations contained in Paragraph 141 of Plaintiff's Petition.

WHEREFORE having fully answered the allegations contained within Count VI of Plaintiff's Petition, Defendant respectfully requests that this Court dismiss Count VI of Plaintiff's Petition and further award Defendant his costs incurred herein, and for such other and further relief as this Court deems just and proper.

**COUNT VII**
**PRIMA FACIE TORT**
**ALL DEFENDANTS**

142. Defendant re-states and re-alleges his responses to Paragraphs 1 through 141 of Plaintiff's Petition as if fully set forth herein.

143. Defendant denies the allegations contained in Paragraph 143 of Plaintiff's Petition.

144. Defendant states that Paragraph 144 of Plaintiff's Petition contains only legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 144 of Plaintiff's Petition.

145. Defendant denies the allegations contained in Paragraph 145 of Plaintiff's Petition.

146. Defendant states that Paragraph 146 of Plaintiff's Petition contains only legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 146 of Plaintiff's Petition.

147.    Defendant states that Paragraph 147 of Plaintiff's Petition contains only legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 147 of Plaintiff's Petition.

WHEREFORE having fully answered the allegations contained within Count VII of Plaintiff's Petition, Defendant respectfully requests that this Court dismiss Count VII of Plaintiff's Petition and further award Defendant his costs incurred herein, and for such other and further relief as this Court deems just and proper.

## COUNT VIII
### 42 U.S.C. § 1983 – Excessive Force in Violation of the Fourteenth Amendment
### DEFENDANT NATHANIEL HENDREN

Defendant states that the allegations contained in paragraphs 148 – 164 of Count VIII are not directed against him and accordingly Defendant makes no answer thereto. To the extent that any of the allegations contained in Count VIII could be construed as relating to this Defendant, Defendant incorporates and restates as if more fully set forth herein his Answers to Plaintiff's Factual Allegations and any counts directed against it.

## COUNT IX
### 42 U.S.C. § 1983 – Violation of Substantive Due Process Right to Bodily Integrity
### DEFENDANT NATHANIEL HENDREN

Defendant states that the allegations contained in paragraphs 165 – 180 of Count IX are not directed against him and accordingly Defendant makes no answer thereto. To the extent that any of the allegations contained in Count IX could be construed as relating to this Defendant, Defendant incorporates and restates as if more fully set forth herein his Answers to Plaintiff's Factual Allegations and any counts directed against it.

## COUNT X
### 42 U.S.C. § 1983 – Excessive Force in Violation of the Fourteenth Amendment
### DEFENDANT PATRICK RIORDAN, in his individual and official capacity

181.    Defendant re-states and re-alleges his responses to Paragraphs 1 through 180 of Plaintiff's Petition as if fully set forth herein.

182.    Defendant states that Paragraph 182 of Plaintiff's Petition contains only legal conclusions to which no answer is required. To the extent an answer is required, Defendant states that the statute is the best evidence of its provisions and denies the allegations contained in Paragraph 182 of Plaintiff's Petition.

183.    Defendant states that Paragraph 183 of Plaintiff's Petition contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 183 of Plaintiff's Petition, and all subparts thereto.

184.    Defendant states that Paragraph 184 of Plaintiff's Petition contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 184 of Plaintiff's Petition, and all subparts thereto.

185.    Defendant denies the allegations contained in Paragraph 185 of Plaintiff's Petition.

186.    Defendant admits that Officer Alix died, but Defendant denies the remaining allegations contained in Paragraph 186 of Plaintiff's Petition.

187.    Defendant states that Paragraph 187 of Plaintiff's Petition contains only legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 187 of Plaintiff's Petition.

188.     Defendant states that Paragraph 188 of Plaintiff's Petition contains only legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 188 of Plaintiff's Petition.

189.     Defendant states that Paragraph 189 of Plaintiff's Petition contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 189 of Plaintiff's Petition.

190.     Defendant states that Paragraph 190 of Plaintiff's Petition contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 190 of Plaintiff's Petition.

191.     Defendant states that Paragraph 191 of Plaintiff's Petition contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 191 of Plaintiff's Petition.

192.     Defendant denies the allegations contained in Paragraph 192 of Plaintiff's Petition.

193.     Defendant states that Paragraph 193 of Plaintiff's Petition contains only legal conclusions to which no answer is required. To the extent an answer is required, Defendant states that the statute is the best evidence of its provisions and denies the allegations contained in Paragraph 193 of Plaintiff's Petition.

194.     Defendant states that Paragraph 194 of Plaintiff's Petition contains only legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 194 of Plaintiff's Petition.

WHEREFORE having fully answered the allegations contained within Count X of Plaintiff's Petition, Defendant respectfully requests that this Court dismiss Count X of

Plaintiff's Petition and further award Defendant his costs incurred herein, and for such other and further relief as this Court deems just and proper.

### COUNT XI
### 42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Hiring, Training, Retention and Supervision in Violation of the Fourteenth Amendment
### DEFENDANT THE CITY OF ST. LOUIS

Defendant states that the allegations contained in paragraphs 195 – 217 of Count XI are not directed against him and accordingly Defendant makes no answer thereto. To the extent that any of the allegations contained in Count XI could be construed as relating to this Defendant, Defendant incorporates and restates as if more fully set forth herein his Answers to Plaintiff's Factual Allegations and any counts directed against it.

### AFFIRMATIVE DEFENSES

COMES NOW, Defendant Patrick Riordan, by and through the undersigned counsel, and for his Affirmative Defenses, states, alleges, and avers as follows:

1.      Plaintiff's Petition fails to state a claim upon which relief can be granted.

2.      For further answer and affirmative defense, Defendant states that any and all injuries suffered by Plaintiff, the fact of which is expressly denied by Defendant, were the result of, were directly caused by, or were directly contributed to be caused by, in whole or in part, Plaintiff's own negligence, recklessness, wrongful conduct, fault and/or assumption of the risk. Therefore, Plaintiff's alleged claims are barred by reason of the foregoing, and, in the event that any judgment or recovery is had against this Defendant by Plaintiff, this Defendant is entitled to a reduction of any such judgment or recovery in direct proportion to the percentage of comparative fault attributable to Plaintiff and allocation as such.

3.      For further answer and affirmative defense, this Defendant states that

Plaintiff's injuries, if any, were caused by the negligence, recklessness, other wrongful conduct, and/or causal fault on the part of persons and/or entities other than this Defendant, and over whom this Defendant had no control or no right to control, which constitutes supervening, superseding, or intervening causes for which this Defendant is not liable.

4.      For further answer and affirmative defense, this Defendant requests that if this cause of action is submitted to a trier of fact for determination, then this Defendant prays that the trier of fact determine the relative distribution of fault, apportioning fault between this Defendant and other parties at the time of submission of the case.

5.      For further answer and affirmative defense, this Defendant requests that if Plaintiff receives any settlement proceeds from any party or person responsible for the incident described in Plaintiff's Petition pursuant to §537.060, RSMo., this Defendant will claim a credit or set off for the amount paid to the plaintiffs by the settling party, in the event any judgment is rendered against this Defendant by a court or jury.

6.      For further answer and affirmative defense, without waiving any previous denials and pleading hypothetically, assuming that Defendant is found liable, in whole or in part, which Defendant specifically denies, if Defendant is found to bear less than 51% of the fault, Defendant shall only be responsible for the percentage of the judgment for which Defendant is determined to be responsible, pursuant to §537.067 RSMo.

7.      For further answer and affirmative defense, Defendant states that Defendant denies that he is in any way responsible for medical expenses of the Plaintiff or that Plaintiff is entitled to recover her medical expenses from this Defendant.  However, to the extent that Plaintiff is entitled to recover her medical expenses from this Defendant, pursuant to the provisions of Section 490.715 RSMo., Plaintiff is limited to the amount necessary to

satisfy the financial obligations to the healthcare providers for the value of any and all medical treatment allegedly received by Plaintiff as a result of the accident and/or the actual cost of Plaintiff's medical care or treatment.

8.     For further answer and defense and without waiving its denial of liability, Defendant states that Plaintiff fails to state a claim for exemplary damages and/or punitive damages.

9.     For further answer and affirmative defense, without waiving any previous denials and pleading hypothetically, this Defendant states that if the trier of fact awards Plaintiff punitive damages, this Defendant shall only be responsible for the percentage of punitive damages for which fault is attributed to said Defendant by the trier of fact, pursuant to §537.067 RSMo.

10.     For further answer and defense, Defendant states that Plaintiff cannot state a claim for punitive damages against this Defendant because the procedures for assessing punitive damages facially, and as applied to the facts of this case, violate numerous constitutional provisions, including the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and Article I, Sections 2, 3, 10, 13, 14, 15, 19, 21, 22 and 28 of the Constitution of Missouri.

11.     For further answer and defense, Defendant states that he did not and does not owe a duty to Plaintiff in this case.

12.     For further answer and defense, Defendant states that he did not observe Officer Hendren pointing a gun, loaded or otherwise, at Officer Alix, or otherwise threaten her, and thus did not fail to intervene to prevent any alleged excessive force or physical harm against Officer Alix.

13.     Defendant reserves the right to assert and plead additional affirmative defenses if and when facts supporting said affirmative defenses become known and available to him during the course of litigation.

WHEREFORE, having fully responded to Plaintiff's Petition, Defendant Patrick Riordan moves this Court for its Order dismissing Plaintiff's Petition, dismissing Plaintiff's claim for prejudgment interest, punitive damages, and attorney's fees, for his costs incurred and expended herein, and for such other and further relief as the Court may deem just and proper under the premises.

Respectfully submitted,

McCARTHY, LEONARD, & KAEMMERER, L.C.

By:    /s/James P. Towey, Jr.
        James P. Towey, Jr., #35351
        jtowey@mlklaw.com
        825 Maryville Centre Drive, Suite 300
        Town & Country, MO 63017-5946
        (314) 392-5200
        (314) 392-5221(Fax)

        *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 8th day of January, 2020, the foregoing was filed electronically with the Clerk of Court, therefore to be served electronically by operation of the Court's electronic filing system upon all parties of record.

/s/James P. Towey, Jr.